IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CATHY DIANE QUALLS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CASE NO.: 1:15-cv-421-GMB |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cathy Diane Qualls commenced this action on June 15, 2015, seeking judicial review of a final adverse decision of the Commissioner of Social Security denying her application for a period of disability, disability insurance benefits, widow's disability benefits, and supplemental disability insurance benefits under Titles II and XVI of the Social Security Act. Doc. 1. The case is ripe for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The parties have consented to the entry of a final judgment by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Rule 73.1 of the Local Rules for the United States District Court for the Middle District of Alabama. Docs. 16 & 17. Based upon a review of the parties' briefs, the evidentiary record, and the relevant authority, the court finds that, for the reasons explained below, the Commissioner's decision is due to be AFFIRMED.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. No further action needs to be taken to continue this lawsuit pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The Clerk of Court is DIRECTED to take the appropriate steps to reflect this change on the docket sheet.

## I.  STANDARD OF REVIEW

The court reviews a social security case to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997).  The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (internal quotation marks omitted).  Indeed, the court must affirm the Commissioner's decision "if it is supported by substantial evidence and the correct legal standards were applied." *Kelly v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

"Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Jones ex rel. T.J.J. v. Astrue*, 2011 WL 1706465, at *1 (M.D. Ala. May 5, 2011) (citing *Lewis*, 125 F.3d at 1440).  The court must scrutinize the entire record to determine the reasonableness of the decision reached. *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987).  "If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as a finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision." *Jones*, 2011 WL 1706465 at *2 (citing *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991)).  The court will reverse the Commissioner's

decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991); *Jones*, 2011 WL 1706465 at *2 (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i) & 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Qualls bears the burden of proving that she is disabled, and she is responsible for producing evidence to support her claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). Specifically, the Commissioner must determine in sequence:

   (1) Is the claimant presently unemployed?
   (2) Is the claimant's impairment severe?

>(3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
>(4) Is the claimant unable to perform his or her former occupation?
>(5) Is the claimant unable to perform any other work within the economy?

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (quoting 20 C.F.R. §§ 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

## III.  DISCUSSION

### A.  Factual and Procedural Background

Qualls is 55 years old. Doc. 19-8. She has a 5th-grade education with past work experience as a waitress, short-order cook, garment sorter, and daycare worker. Doc. 19-8.

Qualls applied for a period of disability, disability insurance benefits, and supplemental security insurance benefits on February 13, 2007, claiming a disability onset date of December 19, 2003 due to back problems, pain in both knees, neuropathy in both feet, and carpal tunnel in both hands. Docs. 19-2, 19-4, 19-5 & 19-8. Qualls' applications were denied at the administrative level. Doc. 19-3. Qualls requested and

4

received a hearing before an Administrative Law Judge ("ALJ"),[2] who denied her claims on July 14, 2009. Doc. 19-2.  Qualls sought review of the ALJ's decision by the Appeals Council, and that request was denied on May 28, 2010. Doc. 19-2.  Qualls appealed the ALJ's July 14, 2009 decision to this court, which reversed and remanded her claims.[3] Doc. 19-8.

Following remand, the Appeals Council vacated the ALJ's July 14, 2009 decision and remanded the case back to the ALJ for additional proceedings consistent with the district court's order. Docs. 19-8 & 19-9.  A second hearing was held before the ALJ on May 15, 2012,[4] and Qualls' claims were denied for the second time on July 20, 2012.[5] Doc. 19-8.  Qualls filed exceptions to the ALJ's decision with the Appeals Council, but they were untimely, and thus were not considered by the Appeals Council. Doc. 19-8.  As a result, the ALJ's July 20, 2012 decision became the final decision of the Commissioner, and this is the decision that is currently before the undersigned for review. Doc. 19-8.

**B.    Issues Presented**

Qualls presents the court with two issues for review: (1) whether the ALJ erred by failing to question Qualls' daughter at the May 15, 2012 hearing concerning Qualls'

---

[2] Qualls chose to appear and to testify at this hearing without the assistance of an attorney or other representative. Doc. 19-2.

[3] Specifically, United States Magistrate Judge Charles S. Coody entered an order reversing and remanding the ALJ's July 14, 2009 decision to the Commissioner with instructions for the Commissioner to include Qualls' neuropathy as a severe impairment and also to account for the functional limitations of her neuropathy at steps four and five of the sequential analysis when reevaluating her disability claims. *See Qualls v. Astrue*, Civil Action No. 1:10-cv-651-CSC (M.D. Ala. Jan. 17, 2012).

[4] Qualls was represented by her current counsel at this hearing. Doc. 19-8.

[5] The ALJ's July 20, 2012 decision explains that after Qualls filed her February 13, 2007 applications, she filed a second Title XVI claim for benefits on July 22, 2010, and an additional claim for Title II widow's benefits on December 13, 2011. Docs. 19-8 & 19-9.  The ALJ's July 20, 2012 decision resolves all of those claims. Doc. 19-8.

impairments; and (2) whether the ALJ erred by failing to comply with the Eleventh Circuit's pain standard. Doc. 15.  For the reasons that follow, the court finds that the ALJ's decision is due to be affirmed on both issues.

Qualls' argument as to the first issue—whether the ALJ erred by failing to elicit testimony from her daughter at the May 15, 2012 hearing—can only be described as perfunctory.  Qualls' brief on this issue contains a single sentence of argument—"Ms. Qualls contends that her daughter was at the hearing held on May 15, 2015, and that the Judge was well aware that she was available for questioning"—and even that sentence fails to reference the correct hearing date (*i.e.*, May 15, **2012**).[6] Doc. 15 at 6.  While Qualls provides the court with a single case citation to *Brown v. Shalala*, 44 F.3d 931 (11th Cir. 1995), she makes no effort to explain how or why the specific facts and circumstances of that case compel a similar result here.[7] Doc. 15 at 6.  There are also no citations to the record in Qualls' brief on this issue, despite the court's June 24, 2015 order directing that

> Claims or contentions by the plaintiff alleging deficiencies in the ALJ's consideration of claims or alleging mistaken conclusions of fact or law and contentions or arguments by the Commissioner supporting the ALJ's conclusions of fact or law **must include a specific reference, by page number, to the portion of the record** which (1) recites the ALJ's

---

[6] Another example of the perfunctory nature of Qualls' brief is her table of contents, which indicates that every section of the brief is located on "PAGE," but no actual page numbers are provided. Doc. 15 at 2. In fact, Qualls' brief contains no page numbers at all. Doc. 15.

[7] The totality of Qualls' discussion of *Brown* is as follows:
> The Eleventh Circuit has held that the ALJ must elicit clearly relevant and readily available testimony, *Brown v. Shalala*, 44 F.3d 931, 936 (11th Cir. 1995).  The Court criticized the ALJ's failure to question the claimant's daughter concerning her complaints, noting the importance of the testimony of family and friends in a case where the claimant "had great difficulty conveying with any precision" the way in which her various subjective ailments affect her ability to work. *Id.*

Doc. 15 at 6.

> consideration or conclusion and (2) which supports the party's claims, contentions or arguments.

Doc. 15 at 6; Doc. 3 at ¶ 6.  Given the wholly conclusory nature of Qualls' argument, her failure to support this argument with any citations to the record despite the court's order to the contrary, and her failure to develop this argument in any other meaningful way, the court finds that this argument is "waived for insufficient development." *See* Doc. 18 at 5; *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (finding that claimant waived issue without elaboration or citation to authority for the claim); *Nelson v. Astrue*, 2013 WL 1909419, at *6 (N.D. Ala. May 6, 2013) (holding that argument was too undeveloped for the court to make any determination when claimant failed to explain how the ALJ erred or to present any supporting argument or legal authority for the claim); *Kuykendall v. Astrue*, 2012 WL 3777004, at *3 (N.D. Ala. Aug. 23, 2012) ("Given the conclusory nature of Plaintiff's arguments and his failure to support his position with citations to the evidence, this Court is inclined to agree with the Commissioner that Plaintiff's arguments should be deemed waived.") (internal quotation marks omitted).

However, even if this issue were not waived, it would still fail on its merit for several reasons.  First, Qualls' argument that the ALJ was "well aware" that her daughter was available to testify at the May 15, 2012 hearing is not supported by the record.  The only evidence before the ALJ at the May 15, 2012 hearing regarding Qualls' daughter was that she drove Qualls to the hearing. Doc. 19-8 at 56 (testifying, "My daughter brought me down here today").  However, Qualls' daughter is not on the list of parties

present at the hearing, neither Qualls nor her attorney stated or otherwise indicated during the hearing that Qualls' daughter was present and willing to testify at the hearing, and there is no other evidence in the record to suggest that the ALJ knew or should have known that Qualls' daughter was present and willing to testify at the hearing. Doc. 19-8 at 34. Despite Qualls' urging, the court declines to presume that Qualls daughter was readily available to testify at the May 15, 2012 hearing simply because she drove Qualls to the hearing.

Qualls' reliance on *Brown v. Shalala* is also misplaced, as that case faulted an ALJ who failed to question a claimant's husband about her impairments when the claimant "had great difficulty conveying with any precision the manner in which her various subjective ailments affected her ability to engage in substantial gainful activity." 44 F.3d at 936. The record in this case, however, shows that Qualls did not have "great difficulty" conveying the extent of her ailments to the ALJ; rather, she testified clearly and extensively about her impairments and how they limited her functioning. Doc. 19-8 at 44–62. Moreover, the decision in *Brown* was based in part on the fact that the claimant was not represented by an attorney during her hearing before the ALJ. *See* 44 F.3d at 936. The same cannot be said here, as Qualls was represented at the May 15, 2012 hearing by counsel who could have, but simply did not, offer testimony from her daughter about her impairments and how they limited her functioning. Doc. 19-8. The court will not criticize the ALJ for failing to act as Qualls' counsel in this regard. Accordingly, for these reasons, the court finds that the ALJ did not err in failing to question Qualls' daughter at the May 15, 2012 hearing.

8

The court reaches a similar conclusion on the second issue raised by Qualls concerning the ALJ's application of the Eleventh Circuit's pain standard. Qualls contends that the ALJ erred by failing to apply proper legal standards in assessing her subjective complaints of pain and also by failing to articulate adequate reasons for rejecting her subjective testimony. Doc. 15 at 7. The Commissioner contends that the ALJ applied the proper legal standards when evaluating Qualls' subjective complaints of pain and that the ALJ's decision is supported by substantial evidence. After carefully reviewing the record, the court agrees with the Commissioner that the ALJ analyzed Qualls' subjective complaints of pain under the proper legal standards and that her decision is supported by substantial evidence.

The Eleventh Circuit articulated the "pain standard" in *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991), which applies when a disability claimant attempts to establish a disability through her own testimony of pain or other subjective symptoms. This standard requires

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id.* (internal citations omitted). If a claimant testifies as to her subjective complaints of disabling pain or other symptoms, as Qualls has here, "the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995)). "Although this circuit does not

require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court." *Id.* (internal quotation marks omitted). "The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court] to conclude that [the ALJ] considered her medical condition as a whole." *Id.* (internal quotation marks omitted).

Qualls contends that the ALJ erred in applying the Eleventh Circuit's pain standard for two reasons. First, Qualls contends that the ALJ erred in assessing her subjective complaints of pain because "the proper standard [(the *Holt* standard)] is not ever referenced in the administration decision." Doc. 15 at 7. Second, Qualls contends that the "ALJ failed to set forth adequate reasons for rejecting [her] subjective complaints." Doc. 15 at 7. While these arguments are more developed than Qualls' argument regarding the ALJ's failure to obtain testimony from her daughter, they still lack merit.

While there is no dispute that the ALJ does not specifically cite or refer to the language of *Holt*'s three-part test in her decision denying Qualls' claims, her findings and discussion indicate that the standard was applied. *See Wilson v. Barnhart*, 284 F.3d 1219 (11th Cir. 2002); *Johnson v. Comm'r, Soc. Sec. Admin.*, 618 F. App'x 544 (11th Cir. 2015). In *Wilson v. Barnhart*, the Eleventh Circuit held that an ALJ properly applied the *Holt* pain standard, even though the ALJ did not cite or refer to the language of that test, when the ALJ cited 20 C.F.R. § 404.1529, which contained the same language regarding the subjective pain testimony that the Circuit interpreted when initially establishing its three-part pain standard. 294 F.3d at 1225–26. Like in *Wilson*, the ALJ here cited 20

C.F.R. §§ 404.1529 and 416.1529[8] in denying Qualls' claims. Doc. 19-8 at 20. When combining those references with her findings and discussion, "it is clear that the ALJ applied this Circuit's pain standard." *Wilson*, 294 F.3d at 1226; *Johnson*, 618 F. App'x at 549.

It is also evident from the ALJ's extensive analysis that she considered whether there existed an underlying medically determinable physical or mental impairment and whether Qualls' statements about the intensity, persistence, and functionally-limiting effects of her pain were substantiated by objective medical evidence or whether the objectively determined medical condition could reasonably be expected to give rise to Qualls' claimed pain. Indeed, the ALJ specifically concluded:

> Based upon the longitudinal medical record, I find that the claimant's medically determinable impairments could reasonably be expected to cause some of her symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.[9]

Doc. 19-8 at 26. In *Johnson v. Commissioner, Social Security Administration*, the Circuit found that a similar statement by an ALJ supported its conclusion that the pain standard was properly applied, even though the ALJ's decision did not cite or refer to *Holt*'s three-part test. 618 F. App'x at 550.

The ALJ also clearly articulated the bases for her findings and her reasons for discrediting Qualls' subjective complaints of pain. For example, the ALJ found that

---

[8] Both of these regulations address how the Administration evaluates a claimant's symptoms, including pain.
[9] The ALJ concluded that Qualls had the residual functional capacity to perform less than the full range of light work with certain limitations. Doc. 19-8 at 19–20.

11

"[w]hile the clinical findings do provide some support for the claimant's subjective complaints, the record contains a considerable number of findings upon clinical examination that I find inconsistent with a claim of inability to perform any sustained work activity." Doc. 19-8 at 22. The ALJ followed that finding with an extensive discussion of the objective medical evidence and how this evidence conflicted with Qualls' subjective complaints, explaining, among other things:

> The claimant has complained of significant and ongoing pain in her back, knees, hands/wrists and neuropathy symptoms, but there is simply no objective evidence from her medical records or from the examinations performed by Dr. Arnold or Dr. Ellis, to support her statements concerning the severity and limiting affects [sic] of her physical complaints. The treatment records from the claimant's primary care physician (Dr. Cook) from 1999 through 2007, indicate no physical problems of great significance. The claimant would see Dr. Cook about once a year, with some complaints of back pain or joint pain, but without too much in the way of actual findings or treatment. The claimant has had numerous visits to the ER at Medical Center Enterprise, with ongoing complaints of back, knee and neuropathy pain, but her lumbar and knee x-ray studies showed no abnormalities. While the claimant's degenerative disc disease, arthralgias, neuropathy, obesity and/or reported history of carpel tunnel syndrome are supported by the record, from a physical and/or exertional point of view the medical evidence is pretty mild. This is especially evident through Dr. Arnold's and Dr. Ellis' examinations. Both doctors observed that the claimant could ambulate effectively without an assistive device; she demonstrated normal extremity ranges of motion and strength; Romberg and Phalen's were negative; and straight leg raises were negative bilaterally.

Doc. 19-8 at 23. The ALJ also noted that, despite Qualls' allegations of disabling symptoms, she admitted that she lives alone; she can read, write, and perform simple math; she can drive a car, care for her personal needs, and perform household chores such as washing dishes, sweeping, mopping, and doing laundry; she gets along well with others; she can do her own grocery shopping; she goes to church every Sunday when she

is physically able; and she reads and watches television. Doc. 19-8 at 26. According to the ALJ, "[t]hese admitted abilities, are hardly suggestive of total disability and when the above noted objective evidence is considered." Doc. 19-8 at 26. As a result, "it is clear that the claimant would not be precluded from performing the physical and mental requirements of a less than full range of light and unskilled work, on a regular and sustained basis." Doc. 19-8 at 26.

On this record, the court does not find that the ALJ erred in assessing Qualls' complaints of pain or other subjective symptoms, or otherwise failed to set out on the record the reasons for discrediting Qualls' testimony about her limitations. Simply put, Qualls failed to present evidence sufficient to satisfy the elements of the pain standard,[10] and the record demonstrates that the ALJ's determination on this issue is supported by substantial evidence and resulted from a correct application of the law. *See Johnson*, 618 F. App'x at 449–551.

## IV. CONCLUSION

The district court's standard of review is to determine whether the ALJ's decision, as a whole, was supported by substantial evidence in the record. *See Dyer*, 395 F.3d at 1211. The court concludes that, for the foregoing reasons, the ALJ's decision to deny Qualls' claims was supported by substantial evidence. Therefore, it is ORDERED that the decision of the Commissioner is AFFIRMED.

---

[10] With respect to the ALJ's rejection of Qualls' testimony regarding the extent of her disabling pain, it appears from Qualls' brief that the only specific findings she takes issue with are the ALJ "merely not[ing] claimant doesn't use any assistive devices and doesn't have any medical records," but even a cursory review of the ALJ's decision shows that these were just a few of the many reasons given by the ALJ for rejecting Qualls' testimony and ultimately concluding that she was not disabled within the meaning of Social Security law. Doc. 15 at 7; Doc. 19-8.

A final judgment will be entered separately.

DONE this 30th day of January, 2017.

                                              /s/ Gray M. Borden
                                     UNITED STATES MAGISTRATE JUDGE